IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 16 CR 550 |
| | ) | |
| EDWARD J. MAJERCZYK | ) | Judge KOCORAS |

<u>DEFENDANT EDWARD MAJERCZYK'S
SENTENCING MEMORANDUM</u>

The Defendant, EDWARD J. MAJERCZYK, through his attorneys, THOMAS P. NEEDHAM and COLLEEN M. SHANNON, respectfully requests, pursuant to 18 U.S.C. § 3553(a) and the parties' plea agreement, that this Court impose a sentence of 9 months incarceration. Given the circumstances and the facts of this case, this sentence is "sufficient, but not greater than necessary" to achieve the purposes of sentencing under 18 U.S.C. § 3553(a).

A. **History and Characteristics of the Defendant**

Edward Majerczyk is 29 years old and has no prior arrests or convictions. He was born in Berwyn, Illinois and has lived in the Chicago area his entire life. Mr. Majerczyk has an eleven-year-old son named Benjamin, who lives with his mother. Mr. Majerczyk helps support his son financially and visits him regularly. Mr. Majerczyk is an only child, and the son of two retired Chicago police officers. He graduated from Nazareth Academy high school in La Grange Park, Illinois in 2005. After high school, he took classes at Columbia College in Chicago for two years. Mr. Majerczyk later went back to school and earned an associates degree in liberal arts from Moraine Valley Community College in 2012. Prior to the charges being filed in

this case, he was working as a customer service representative with Commonwealth Edison in Chicago, Illinois for over three years. Mr. Majerczyk currently resides with his mother in Chicago.

At the time of the offense, Mr. Majerczyk was suffering from depression and looked to pornography websites and Internet chat rooms in an attempt to fill some of the voids and disappointment he was feeling in his life. After accessing the unauthorized information and photographs for his personal viewing, he learned that others were distributing these private images on the Internet. Mr. Majerczyk did not realize the extent of this crime and was deeply affected by it. He immediately began seeing a therapist, Cynthia Koskiewicz for counseling. His therapist recognized signs of emotional anxiety and panic attacks, which she noted were consistent with his acceptance of responsibility and feelings of remorse for his actions[1]. Mr. Majerczyk has consistently expressed remorse for those who were affected by this offense. These expressions of remorse, lack of criminal history, and the nature of the offense make recidivism highly unlikely.

## B. Nature and Circumstances of the Offense

One of the factors the court should consider in determining the sentence to impose is Mr. Majerczyk's role in the offense. (USSG § 3B1.2). Although the Defendant is not asking for a mitigating role reduction under the guidelines, Mr. Majerczyk asks that the court only consider the criminal conduct he is personally

---

[1] This was documented in a letter prepared by Cynthia Koskiewicz, which was provided to the prosecutors during the plea negotiations. Due to privacy concerns because it contains summaries of confidential conversations between the Defendant and his therapist, it is not being attached here as an exhibit, but a courtesy copy will be provided to the court.

responsible for when imposing a sentence. Mr. Majerczyk's participation in the offense was limited to the unauthorized access of information on his personal computer, for his personal use and viewing only. There is no evidence that he shared this information with anyone or distributed it to others. Therefore, the sentence proposed by the parties' agreement adequately reflects the nature and extent of Mr. Majerczyk's role in the offense and fulfills the goals of sentencing.

### C. Objection to PSR Sentencing Guideline Calculation

Mr. Majerczyk was charged with unauthorized access to a protected computer to obtain information under 18 U.S.C. §§ 1030(a)(2)(C), 1030(c)(2)(B)(ii) and (iii). The parties agree that his criminal history category is I and the offense level is 10, with a sentencing range of 6-12 months imprisonment. According to the Pre-Sentence Investigation Report (PSR), the offense level subtotal is 14. (PSR ¶ 16-24). The defense objects to the enhancement applied by the probation department under USSG § 2B1.1(b)(10)(C), increasing the offense level to 12 (PSR ¶ 19), and submits that only a two-level enhancement should have been applied here. Mr. Majerczyk urges the court to accept the calculation of the offense level set forth in the plea agreement submitted by the parties.

### D. Restitution

Mr. Majerczyk acknowledges that, according to the PSR, two individuals are seeking restitution. However, the Defendant believes that a restitution order is not appropriate given the evidence. A "victim" who may be owed restitution is defined under § 3663A(a)(2) as "a person directly and proximately harmed as a result of the

commission of an offense for which restitution may be ordered." In *United States v. Behrman*, the court stated "we understand this language to refer to harm directly caused by the offense of conviction; more diffuse estimates of loss may be appropriate for purposes of relevant conduct under the Sentencing Guidelines, but restitution tracks 'the recovery to which [the victim] would have been entitled in a civil suit against the criminal.'" *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000)(quoting *United States v. Martin*, 195 F.3d 961, 968 (7th Cir. 1999)). The Defendant will respond to the restitution requests further at the sentencing hearing.

### E. Conclusion

Given Mr. Majerczyk's lack of criminal history, his personal characteristics, expressions of remorse, role in the offense, and the nature of his crime, a 9-month period of incarceration will be sufficient to achieve the goals of sentencing under § 3553. The Defendant respectfully asks the Court to impose a sentence of 9 months, in accordance with the parties' plea agreement.

Respectfully submitted,

/s Thomas P. Needham

Thomas P. Needham
Colleen M. Shannon
Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
(312) 726-3171

4